**NOT FOR PUBLICATION** (Doc. No. 10)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| KENNETH R. SCHAFFER, JR., | : |
| Plaintiff, | : Civil No. 10-5449 (RBK/KMW) |
| v. | : **OPINION** |
| ATLANTIC BROADCASTING OF LINDWOOD NJ LIMITED LIABILITY COMPANY and BRETT DEFANO, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter arises out of the alleged fraudulent sale of an ownership interest in a privately-held company. Presently before the Court is the motion to remand filed by Plaintiff Kenneth R. Schaffer, Jr. (Doc. No. 10). The Complaint alleges violations of the New Jersey Uniform Securities Law ("NJUSL"), N.J. Stat. Ann. 49:3-47 to 49:3-76, the Securities and Exchange Act of 1934 (the "Securities Act"), 15 U.S.C. § 78(a) et seq., and the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. 56:8-1 et seq. The Complaint also alleges state law claims of breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiff filed an amended complaint on January 22, 2010. (Doc. No. 9). The Amended Complaint includes all of the state law claims in the Complaint, but does not allege a claim under the Securities Act. Plaintiff argues that because the Amended Complaint alleges only state law claims, the Court should decline to exercise jurisdiction over this matter. On December 20, 2010, Defendant Atlantic Broadcasting of Linwood NJ Limited Liability Company ("Atlantic")

1

filed a petition in the United States Bankruptcy Court for the District of New Jersey. In re Atl. Broadcasting of Linwood NJ Limited Liability Company, No. 10-49149 (Bankr. D.N.J. Dec. 20, 2010). For the following reasons, Plaintiff's motion to remand is **GRANTED**.

## I.   BACKGROUND

Because Plaintiff seeks remand for lack of subject matter jurisdiction, a detailed recital of all of the background facts of the case is unnecessary. Instead, the Court will focus on the procedural history.

On September 3, 2010, Plaintiff filed the Complaint in the Superior Court of New Jersey. On October 21, 2010, Defendant removed the matter to this Court pursuant to 28 U.S.C. § 1441. Defendant asserted subject matter jurisdiction over Plaintiff's Securities Act claim under 28 U.S.C. § 1331, and argued that the Court should also exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). (Doc. No. 1 ¶ 5). On November 10, 2010, Atlantic moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1).[1] (Doc. Nos. 6, 7). On November 22, 2010, Plaintiff filed the Amended Complaint.[2] (Doc. No. 9). The Amended Complaint includes all of the state law claims included in the Complaint, but does not assert a Securities Act claim. (Id.). On November 22, 2010, Plaintiff filed its opposition to Atlantic's motion to dismiss, and filed a cross-motion to remand the matter back to state court. On November 29, 2010, Atlantic filed a petition in the United States Bankruptcy Court for the District of New Jersey, pursuant to Chapter 11 of the

---

[1] Atlantic filed both a motion to dismiss, (Doc. No. 6), and an amended motion to dismiss, (Doc. No. 7) on November 10, 2010.

[2] The Court notes that the Amended Complaint was timely. Federal Rule of Civil Procedure 15(a)(1)(B) provides that "[a] party may amend its pleading once as a matter of course . . . (B) if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15(a)(1)(B). Here, Atlantic filed a pre-answer motion to dismiss on November 10, 2010. (Doc. Nos. 6, 7). On November 22, 2010, Plaintiff filed the Amended Complaint. (Doc. No. 9). Because Plaintiff filed the Amended Complaint less than twenty-one days after Atlantic filed a pre-answer motion to dismiss, the Amended Complaint was timely.

Bankruptcy Code. In re Atl. Broadcasting of Linwood NJ Limited Liability Company, No. 10-49149 (Bankr. D.N.J. Dec. 20, 2010). Thereafter, the Court dismissed Atlantic's pending motion to dismiss without prejudice. (Doc. No. 13).

Plaintiff seeks to remand this case to the Superior Court of New Jersey. Plaintiff claims that because Defendant asserted supplemental jurisdiction under 28 U.S.C. § 1367(a), and the Amended Complaint does not assert a federal claim, the Court should remand the matter to state court. Atlantic claims that the Court should decide its motion to dismiss pursuant to Rule 12(b)(1) prior to deciding whether to remand the matter for lack of subject matter jurisdiction. The parties submitted their respective briefs and the motion is ripe for review.

## II.    DISCUSSION

### A.    Plaintiff's Motion to Remand

Plaintiff seeks to remand this action to state court pursuant to 28 U.S.C. § 1447(c). 28 U.S.C. § 1447(c) provides: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Section 1447(c) applies to a district court's determination that it had subject matter jurisdiction over the plaintiff's claims at the time of removal. Petit v. State of New Jersey, No. 09-3735, 2010 WL 1006407, at *1 (D.N.J. 2010) (citing Pedraza v. Holiday Housewares, Inc., 203 F.R.D. 40, 44 (D. Mass. 2001)); see 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure, § 3739 (4th ed. 2009). Here, the Court had subject matter jurisdiction at the time of removal due to the federal question raised by Plaintiff's Securities Act claim. The Court also had supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). Because the Court had subject matter jurisdiction over Plaintiff's claims at the time of removal, even though the Amended Complaint does not assert a federal claim, the Court is not compelled

3

to remand the matter to state court for lack of subject matter jurisdiction over Plaintiff's remaining state law claims. See Carlsbad Tech., Inc. v. HIF Bio, Inc., 129 S. Ct. 1862, 1867 (2009) ("When a district court remands claims to a state court after declining to exercise supplemental jurisdiction, the remand order is not based on a lack of subject-matter jurisdiction for purposes of §§ 1447(c) and (d).").

However, pursuant to 28 U.S.C. § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3) (emphasis added); see Edlin Ltd. v. City of Jersey City, No. 07-3431, 2008 U.S. Dist LEXIS 41118, at *24 (D.N.J. May 23, 2008) (citing Atkinson v. Olde Economie Fin. Consultants, Ltd., No. 05-772, 2006 U.S. Dist. LEXIS 54289, at *5 (W.D. Pa. Aug. 4, 2006)). Although that determination is discretionary, "[t]he general approach is for a district court to . . . hold that supplemental jurisdiction should not be exercised when there is no longer any basis for original jurisdiction." Schaffer v. Twp. of Franklin, No. 09-347, 2010 WL 715349, *1 (D.N.J. Mar. 1, 2010) (quoting Edlin, 2008 U.S. Dist. LEXIS at *24); see Carlsbad, 129 S. Ct. at 1866 (noting that "[a] district court's decision whether to exercise [supplemental jurisdiction] after dismissing every claim over which it had original jurisdiction is purely discretionary.").

Under these circumstances, the Court finds that remand is appropriate. The Amended Complaint presents no federal questions integral to Plaintiff's remaining state law claims. The Amended Complaint asserts violations of the NJUSL and the NJCFA, and common law claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Those claims do not implicate any rights protected by the U.S. Constitution or any federal statute. They are based upon rights and obligations created by state statutes and state common law. Therefore,

the Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to § 1367(c)(3).  See Schaffer, 2010 WL 715349, at *1 (declining to exercise supplemental jurisdiction over plaintiff's remaining state law claims after plaintiff voluntarily dismissed sole federal claim against defendant with prejudice.).[3]

## B.  The Effect of Atlantic's Bankruptcy Petition

The Court also notes that 11 U.S.C. § 362 does not preclude the Court from remanding the matter to the Superior Court of New Jersey.  As previously mentioned, Atlantic filed a petition in the U.S. Bankruptcy Court for the District of New Jersey.  Therefore, the provisions of the United States Bankruptcy Code apply to all pending claims against Atlantic.  Under 11 U.S.C. § 362, a bankruptcy petition operates as an automatic stay of all actions or proceedings by creditors to recover judgments from a bankrupt debtor.  In re Beers, No. 10-4399, 2011 WL 1627046, at *1 n.2 (D.N.J. Apr. 28, 2011).  11 U.S.C. § 362 provides:

> Automatic stay.
>
> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of-
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, or administrative, or other

---

[3] Atlantic contends that the Court should address its Rule 12(b)(1) motion before Plaintiff's motion to remand because "[motions pursuant to Fed. R. Civ. P. 12(b)(1) 'must be addressed first because Defendant[] [is] contending that Plaintiff lacks standing to assert [his] claims, and disputes over constitutional standing for purposes of Article III, Section 2 of the United States Constitution must be addressed before proceeding to the merits of a plaintiff's claim.'"  (Def.'s Reply Br. at 9) (quoting Barrows v. Chase Manhattan Mort. Corp., 465 F. Supp. 2d 347, 353 (D.N.J. 2006)).

Atlantic's argument that the Court must address its motion to dismiss under Rule 12(b)(1) or 12(b)(6) before addressing Plaintiff's motion to remand is unavailing.  Because the Court declined to exercise jurisdiction over this lawsuit sua sponte pursuant to 28 U.S.C. § 1367(c)(3), the Court need not determine whether Plaintiff has Article III standing to bring the claim in federal court.  Whether a plaintiff has standing to sue under Article III of the U.S. Constitution is a federal question that does not apply to a claim for relief in the Superior Court of New Jersey.  See Wheeler v. Travelers Ins. Co., 22 F.3d 534, 537 (3d Cir. 1994) ("[S]tanding to sue in any Article III court is, of course, a federal question which does not depend on the party's prior standing to sue in state court.") (quoting Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804 (1985)).  Because the Court sua sponte declined to exercise jurisdiction under § 1367, it is irrelevant whether Plaintiff has standing to seek relief in a federal district court.

> action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . .

11 U.S.C. § 362(a)(1) (1991) (emphasis added). The automatic stay provision serves two purposes: (1) "it gives the bankrupt a breathing spell from creditors by stopping all collection efforts, all harassment, and all foreclosure actions"; and (2) "[it] protects creditors by preventing particular creditors from acting unilaterally in self-interest to obtain payment from a debtor to the detriment of other creditors." Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991) (citing Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446, 448 (3d Cir. 1982)).

Plaintiff filed this action against Atlantic before Atlantic filed the bankruptcy petition. Therefore, the case is an "action or proceeding against the debtor that was . . . commenced before" the debtor filed for bankruptcy, and subject to the automatic stay provision. 11 U.S.C. § 362(a)(1).

However, under these circumstances, 11 U.S.C. § 362 does not preclude the Court from remanding this matter. First, a district court may remand a lawsuit to state court for lack of subject matter jurisdiction or improper venue notwithstanding a pending petition for bankruptcy filed by one of the defendant-debtors. See Evans v. Anderson, No. 09-5227, 2010 WL 118398, at *1 (N.D. Cal. Jan. 07, 2010) ("[W]here a district court lacks jurisdiction over the action filed before it the court is not without power to remand the action and the stay does not deprive it of that power."); Hudgens v. Deer Valley Home Builders, Inc., No. 09-417, 2009 WL 2878052, at *2 (W.D. La. Sept. 09, 2009) (remanding lawsuit subject to automatic stay provision to state court); Verizon Commc'ns, Inc. v. Northpoint, 262 B.R. 891, 892 (D. Del. 2001) (same); Cnty. of Cook v. Mellon Stuart Co., 812 F. Supp. 793, 798 n.3 (N.D. Ill. 1992) ("The subsequent

6

bankruptcy filing and resulting stay under section 362 of the Bankruptcy Code, 11 U.S.C. § 362, do not prevent this court from remanding an improperly removed action."); see also MTGLQ Investors, L.P. v. Guire, 286 F. Supp. 2d 561, 563 (D. Md. 2003) (holding that automatic stay provision did not preclude district court from deciding motion to transfer venue pursuant to 28 U.S.C. § 1391); but see Liljeberg Enter. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc., No. 04-2780, 2004 WL 2725965, at *1 (E.D. La. 2004) (noting that automatic stay provision precludes district court from deciding motion to remand because "remand of a case is not a mere 'ministerial' act that would not violate the automatic stay [provision]."). Here, similar to a dismissal for lack of subject matter jurisdiction or improper venue, a dismissal under § 1367(c)(3) does not involve an adjudication on the merits. By dismissing the plaintiff's claim under § 1367(c) and remanding the lawsuit to state court, a district court expresses no opinion regarding the merits of the plaintiff's claim. Instead, the district court merely determines that the appropriate forum for litigating the merits of the plaintiff's claim is a state court of general jurisdiction. See Guire, 286 F. Supp. 2d at 563 ("[D]ismissing or transferring [a] case on jurisdictional grounds does not constitute a prohibited "continuation" of the action under § 362.").

     Second, remand does not conflict with the purpose of the automatic stay provision. Remand will not further the collection efforts of Atlantic's creditors, or otherwise encourage creditors to harass Atlantic during the pendency of the bankruptcy proceedings. In addition, because the automatic stay provision also precludes the Superior Court of New Jersey from adjudicating the action on the merits, Atlantic's creditors cannot "act[] unilaterally in self-interest to obtain payment from [Atlantic] to the detriment of other creditors." Maritime Elec. Co., Inc., 959 F.2d at 1204. In effect, the Court's decision to remand the case "is essentially a

lateral move to address a procedural issue, and . . . does not continue the case in any significant manner." Price v. Chrysler LLC, No. 09-232, 2009 WL 2208298, at *1 (E.D. Mo. June 23, 2009). Remand will not put Atlantic "in a better or worse position, legally or financially, than the position it occupied at the time of removal." Hudgens, 2009 WL 2878052, at *2. Therefore, the Court finds that remand of this matter to the Superior Court of New Jersey does not violate 11 U.S.C. § 362.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**. An appropriate order shall issue today.


Date:  5/17/2011                                           /s/ Robert B. Kugler
                                                           ROBERT B. KUGLER
                                                           United States District Judge